UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HAROLD MADDOX, et al.,**

    **Plaintiffs,**

**v.**                                                                                      Case No. 8:05-CV-1348-T-30TBM

**FLEETWOOD MOTOR HOMES OF
INDIANA, INC.,**

    **Defendant.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Fleetwood's Motion to Dismiss, and Motion to Strike Repugnant Portions of Complaint, and Combined Memorandum of Law in Support (Dkt. # 3) and Plaintiffs' Memorandum of Law in Opposition to Defendant Fleetwood's Motion to Dismiss (Dkt. # 6). The Court, having considered the Motion and Response, and being otherwise fully advised, finds that the Motion should be granted in part and denied in part.

**I.**    **MOTION TO DISMISS**

Counts II, III, and IV of Plaintiffs' Complaint allege that Defendant breached the implied warranties of merchantability, fitness for a particular purpose, and habitability and workmanship regarding the motor home. Defendant has moved to dismiss counts II, III, and IV for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6),

Fed. R. Civ. P.  Defendant asserts that privity of contract is required to recover under a theory of breach of warranty, and that Plaintiffs are not in privity with Defendant because Plaintiffs purchased the motor home from a third party retailer and not directly from Defendant.  In response, Plaintiff argues that a manufacturer may extend a warranty to a new purchaser, and that in any case, implied warranties grounded in common law do not require privity of contract.

Defendant is correct that under Florida law, a plaintiff must be in privity of contract with a defendant in order to recover for breach of an implied warranty of merchantability or fitness for a particular purpose.  See T.W.M. v. Am. Med. Sys., Inc., 886 F. Supp. 842, 844 (N.D. Fla. 1995); Butchosky v. Enstrom Helicopter Corp., 784 F. Supp. 882, 884 (S.D. Fla. 1992); West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80, 91 (Fla. 1976); Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc., 637 So. 2d 968, 970 (Fla. 5th DCA 1994); Intergraph Corp. v. Stearman, 555 So. 2d 1282, 692 (Fla. 2d DCA 1990); Ashley Sq. Ltd. v. Contractors Supply, Inc., 532 So. 2d 710, 711 (Fla. 5th DCA 1988); Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp., 500 So. 2d 688, 692 (Fla. 3d DCA 1987); Cont'l Ins. Co. v. Montella, 427 So. 2d 796, 797-98 (Fla. 4th DCA 1983).  The cases cited by Plaintiffs are factually distinguishable from this action.  In Milicevic v. Fletcher Jones Imports, Ltd., 402 F.3d 912, 913-14 (9th Cir. 2005), the Ninth Circuit specifically explained that the Magnuson-Moss Warranty Act created a private cause of action for breach of a *written* warranty.  Id. at 917.  In contrast, the counts that Defendant seeks to dismiss in

this case all involve unwritten implied warranties. Additionally, Plaintiffs cite numerous cases from other states which do not accurately reflect Florida law.

Finally, Plaintiffs cite <u>Strathmore Riverside Villas Condominium Association, Inc. v. Paver Development Corp.</u>, 369 So. 2d 971 (Fla. 2d DCA 1979), for the proposition that new purchasers are in privity with manufacturers or developers. Plaintiffs argue that since the <u>Strathmore</u> court reserved judgment on actions for breach of implied warranties of habitability and workmanship, these must be actionable common law claims. However, Plaintiffs fail to note that the <u>Strathmore</u> court, in addition to limiting its ruling to home and real estate purchases, addressed only implied warranties of merchantability and fitness for a particular purpose. 369 So. 2d at 973. Furthermore, Florida law does not acknowledge the existence of a separate implied warranty of habitability or workmanship for motor vehicles. *Manganello v. Damon Motor Coach*, No. 04-80976 (S.D. Fla. filed Jan. 12, 2005). Accordingly, counts II, III, and IV are dismissed.

**II.   MOTION TO STRIKE**

Plaintiffs' Complaint labels Defendant as "Full Warrantor." Defendant has moved to strike all references in the Complaint to Fleetwood Motor Homes of Indiana Inc. as "Full Warrantor," asserting that the label has no relation to the controversy, may confuse issues, and is otherwise prejudicial to Defendant. Plaintiffs respond that they do not use the label as a legal definition, but rather as a description that is supported by the allegations that Defendant was responsible for the allegedly defective motor home. The Court agrees with Plaintiffs that the term "Full Warrantor" in the Complaint is used only descriptively.

Accordingly, Defendant's Motion to Strike is denied without prejudice, and Defendant may seek leave to renew its motion at a later date.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss, and Motion to Strike Repugnant Portions of Complaint (Dkt. # 3) is GRANTED IN PART and DENIED IN PART as stated herein.

2. Counts II, III, and IV of Plaintiffs' Complaint are DISMISSED.

**DONE** and **ORDERED** in Tampa, Florida on August 22, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record